CENTER FOR DISABILITY ACCESS
Mark Potter, Esq., SBN 166317
Phyl Grace, Esq., SBN 171771
Mail: PO Box 262490
San Diego, CA 92196-2490
Delivery: 9845 Erma Road, Suite 300
San Diego, CA 92131
(858) 375-7385; (888) 422-5191 fax
phylg@potterhandy.com

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION

| | |
|---|---|
| **Jeanette Jaime**,<br><br>    Plaintiff,<br><br> v.<br><br>**County of Riverside** and Does 1-10,<br><br>    Defendants. | Case No.<br><br>**Complaint For Damages And Injunctive Relief For Violations Of**:<br>1. Title II of the American's With Disabilities Act, 42 U.S.C. §12131 *et seq.*;<br>2. Cal. Government Code §11135 *et seq.*;<br>3. California's Unruh Civil Rights Act, Cal. Civ. Code § 51 *et seq.*<br>4. and<br>5. California's Disabled Persons Act, Cal. Civ. Code § 54 *et seq.* |

Plaintiff Jeanette Jaime ("Plaintiff") complains of Defendants County of Riverside and Does 1-10 (collectively "Defendants") and alleges as follows:

**INTRODUCTION**

1.   Plaintiff Jeanette Jaime brings the instant action to challenge the failure of the County of Riverside to ensure that individuals with disabilities have full and equal access to the Riverside County Fair and National Date

Complaint

Festival ("Fair"), held annually at the Riverside County Fairgrounds ("Fairgrounds"). Specifically, Defendants have constructed and/or failed to remove architectural barriers to the parking and restroom facilities at the Fairgrounds, thereby preventing and deterring individuals who use wheelchairs from having full and equal access to the Fair, and subjecting Plaintiff to disability discrimination in violation of Title II of the ADA and related California civil rights law.

2. As a result of Defendants' failure to ensure the accessibility of the parking facilities and pedestrian paths of travel serving the Park, Plaintiff has suffered, and will continue to suffer, damages, and has been, and will continue to be, denied full and equal access to Defendants' programs, services and activities as required by law.

3. Through this lawsuit, Plaintiff seeks to compel the City of Banning to comply with its obligations under Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12131 et seq. and related state civil rights law. Plaintiff also seeks damages and reasonable attorneys' fees, costs and litigation expenses for enforcing Plaintiff's civil rights.

**PARTIES**

4. Plaintiff Jeanette Jaime is, and at all times relevant herein was, a California resident with physical disabilities. Plaintiff is unable to walk or stand independently as the result of a spinal cord injury, and uses a power wheelchair for mobility. Plaintiff is, and at all times relevant herein was, a "qualified person with a disability" and a "physically disabled person" as those terms are defined under the ADA and its implementing regulations (42 U.S.C. § 12102; 28 C.F.R. § 35.104) and California law (Cal. Gov. Code § 12926).

Complaint

5. Defendant City of Riverside is, and at all times relevant to herein was, a public entity within the meaning of Title II of the ADA.

6. At all times relevant herein, the City owned, controlled, maintained and exercised dominion over the public facilities known as the Riverside County Fairgrounds, located at 82-503 California 111, in the City of Indio, County of Riverside, California.

7. Plaintiff is currently unaware of the true identities of Does 1-10, inclusive, and will seek leave to amend when their true names, capacities, connections, and responsibilities are ascertained.

8. Plaintiff is informed and believes that each of the Defendants is the agent, ostensible agent, alter ego, master, servant, trustor, trustee, employer, employee, representative, franchiser, franchisee, lessor, lessee, joint venturer, parent, subsidiary, affiliate, related entity, partner, and/or associate, or such similar capacity, of each of the other Defendants, and was at all times acting and performing, or failing to act or perform, within the course and scope of such similar aforementioned capacities, and with the authorization, consent, permission or ratification of each of the other Defendants, and is personally responsible in some manner for the acts and omissions of the other Defendants in proximately causing the violations and damages complained of herein, and have participated, directed, and have ostensibly and/or directly approved or ratified each of the acts or omissions of each of the other Defendants, as herein described.

## JURISDICTION & VENUE

9. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the ADA.

10. Pursuant to pendant jurisdiction, an attendant and related cause

Complaint

of action, arising from the same nucleus of operative facts and arising out of the same transactions, is also brought under California civil rights law, which expressly incorporates the Americans with Disabilities Act. Cal. Civ. Code §51(f), §54(c) and §54.1(d).

11.   Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that the real property which is the subject of this action is located in the Central District and that Plaintiff's cause of action arose in the Central District.

**FACTUAL ALLEGATIONS**

12.   The Riverside County Fair and National Date Festival takes place in Indio, California. The event is held annually in February on the Riverside County Fairgrounds. The Fair has more than 7000 exhibits and competitions, and has grown to feature musicians and comedians, a Date Festival Queen and her court, monster trucks and bull-riding.

13.   The parking facilities at the Fairgrounds were constructed or altered after January 26, 1992.

14.   The parking facilities at the Fairgrounds were constructed or altered after December 1981.

15.   The restroom facilities at the Fairgrounds were constructed or altered after January 26, 1992.

16.   The restroom facilities at the Fairgrounds were constructed or altered after December 1981.

17.   On or about February 16, 2014, Plaintiff visited the Fairgrounds to attend the Fair with her family. During this visit, Plaintiff encountered accessibility barriers that denied her full and equal access to the parking and restroom facilities offered by Defendants to members of the public at the Fairgrounds.

Complaint

***Parking Barriers:***

18. Parking barriers encountered by Plaintiff included:
    a. Designated accessible parking spaces that are incorrectly configured and inadequately marked and signed;
    b. No van accessible parking; and
    c. No accessible path of travel leading to, from and between the parking facilities and the Fair's activities.

19. Plaintiff was directed to park in designated "accessible" parking spaces in an unpaved dirt/gravel lot. These "accessible" parking spaces were demarcated by lines of white powder. The spaces were not compliant with width requirements for accessible parking spaces; there was insufficient space to deploy a ramp or otherwise load and unload wheelchair users from vehicles. The lack of space caused Plaintiff extreme difficulty when she sought to leave the Fair at the end of the day, as another car was parked beside her. After waiting approximately one hour for the driver of the car parked next to her to leave, Plaintiff was forced to ask a complete stranger to back her car out of the parking space and into the vehicular right of way so that she would have sufficient room to get into her car. While she got into her car, Plaintiff felt uncomfortable, conspicuous and embarrassed, as she was blocking other cars from passing. Other Fair attendees trying to exit the parking lot honked their horns at Plaintiff and called her names, making her very upset and sad.

***Restroom Barriers:***

20. The restroom facilities at the Fair lacked grab bars for wheelchair users, making use of the facilities difficult, frustrating and dangerous for Plaintiff.

Complaint

21. On information and belief, there are a number of additional barriers and discriminatory policies that prevent and deter Plaintiff from having equal access to and use of the programs, services and activities offered by Defendants to members of the public at the Fairgrounds; barriers which will be confirmed by Plaintiff through a noticed site inspection. At that time, Plaintiff will amend her Complaint.

22. Plaintiff plans and desires to visit the Fairgrounds in the future to attend the Fair. However, Defendants' failure to ensure the accessibility of its public parking and restroom facilities at the Fairgrounds has caused her to experience difficulty and inconvenience and feel anxious, frustrated and conspicuous.

23. Until the aforementioned barriers to the Fairgrounds are removed, and Defendants' discriminatory policies and practices modified, Plaintiff will continue to be denied full and equal access to the programs, services and activities offered by Defendants to the general public at the Fairgrounds because of her disability, and will suffer ongoing discrimination and damages by being excluded and deterred from returning there.

24. The nature of Defendants' discrimination constitutes an ongoing violation, and unless enjoined by this Court, will result in ongoing and irreparable injury to Plaintiff and other similarly disabled persons.

**GOVERNMENT CLAIM FILED**

*(With regard to Plaintiff' claims for damages under California State Law)*

25. Plaintiff timely filed claims pursuant to § 910 et seq. of the California Government Code with the City of Riverside on June 3, 2014. The claim was denied by the City of Riverside as a matter of law.

Complaint

**FIRST CAUSE OF ACTION**

**Title II of the Americans with Disabilities Act of 1990**

**42 U.S.C. § 12131 *et seq*.**

26. Plaintiff hereby repleads, restates, realleges and incorporates by reference all the allegations contained in the preceding paragraphs above, as though fully set forth herein.

27. Title II of the ADA provides in pertinent part: "[N]o qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132.

28. At all times relevant herein, Defendants were a "public entity" within the meaning of Title II of the ADA.

29. At all times relevant herein, public parking is a program, service and/or activity Defendants offer to the general public at the Fairgrounds.

30. At all times relevant herein, restroom facilities are a program, service and/or activity Defendants offer to the general public at the Fairgrounds.

31. Defendants' acts and omissions as herein alleged have excluded and denied Plaintiff the benefit and use of the public parking and restroom facilities offered to the public at the Fairgrounds, in violation of Title II and its implementing regulations. Defendants' discriminatory conduct includes, <u>inter alia</u>:

    a. Denying Plaintiff the opportunity to participate in or benefit from the aids, benefits, or services offered by Defendants to members of the public at the Fairgrounds, on the basis of her disabilities (28 C.F.R. § 35.130(b)(1)(i));

    b. Affording Plaintiff an opportunity to participate in or benefit from the aids, benefits, or services offered by Defendants to members of the public at the Fairgrounds that is not equal to that afforded non-disabled persons (28 C.F.R. § 35.130(b)(1)(ii));

    c. Providing Plaintiff with an aid, benefit, or service that is not as effective in affording equal opportunity to obtain the same result, to gain the same benefit, or to reach the same level of achievement as that provided to others at the Fairgrounds (28 C.F.R. § 35.130(b)(1)(iii));

    d. Otherwise limiting Plaintiff in the enjoyment of any right, privilege, advantage, or opportunity enjoyed by others receiving the aids, benefits, or services offered by Defendants to members of the public at the Fairgrounds (28 C.F.R. § 35.130(b)(1)(vii));

    e. Utilizing methods of administration that have the effect of subjecting people with disabilities to discrimination on the basis of her disability (28 C.F.R. § 35.130(b)(3)(i)); and

    f. Failing to make reasonable modifications in policies, practices, or procedures where necessary to avoid discrimination against people with disabilities on the basis of her disability (28 C.F.R. § 35.130(b)(7)).

32. Defendants' duties under Title II are mandatory and long-established. Defendants are deemed to have had knowledge of their duties at all times relevant herein; their failure to carry out said duties was willful and knowing and/or the product of deliberate indifference.

Complaint

33. Defendants' duties under Title II are mandatory and long-established. Defendants are deemed to have had knowledge of their duties at all times relevant herein; their failure to carry out said duties was willful and knowing and/or the product of deliberate indifference.

34. Pursuant to 42 U.S.C. §§ 12133 and 12205, Plaintiff prays for judgment as set forth below.

## SECOND CAUSE OF ACTION
### California Government Codes §11135 *et seq.*

35. Plaintiff hereby repleads, restates, realleges and incorporates by reference all the allegations contained in the preceding paragraphs above, as though fully set forth herein.

36. Section 11135 of the California Government Code provides: "No person in the State of California shall, on the basis of... disability, be unlawfully denied the benefits of, or be unlawfully subjected to discrimination under, any program or activity that is funded directly by the state or receives any financial assistance from the state." Cal. Gov't Code § 11135(a)

37. Section 11135 incorporates by reference the protections and prohibitions of Title II of the ADA. Cal. Gov't Code § 11135(b).

38. On information and belief, Defendants receive financial assistance from the State of California, including, but not limited to State Department of Agriculture grants that help fund the Fair. Accordingly, Defendants are subject to Section 11135. 1.

39. In acting as herein alleged, Defendants have unlawfully denied Plaintiff the benefits of the programs and activities offered at the Fairgrounds in violation of Cal. Gov't Code § 11135.

Complaint

40. On information and belief, Defendants have also discriminated against Plaintiff on the basis of her disabilities in violation of Government Code § 11135, by constructing, altering and/or repairing parts of Fairgrounds in a manner that violates the accessibility requirements of Title 24-2 and California Government Code §§ 4450.

41. Defendants' duties under Section 11135 are mandatory and long-established. Defendants are deemed to have had knowledge of their duties at all times relevant herein; their failure to carry out said duties was willful and knowing and/or the product of deliberate indifference.

42. Pursuant to the remedies, procedures, and rights set forth in Cal. Gov't. Code § 11139, Plaintiffs pray for judgment as set forth below.

## THIRD CAUSE OF ACTION
## Unruh Civil Rights Act
## California Civil Code § 51 *et seq*.

43. Plaintiff re-pleads and incorporates by reference the allegations contained in each of the foregoing paragraphs, and incorporates them herein as if separately re-pled.

44. Defendants own and operate a business establishment and, as such, must comply with the provisions of the Unruh Civil Rights Act, Cal. Civ. Code § 51 et seq.

45. The Unruh Act guarantees, inter alia, that persons with disabilities are entitled to full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever within the jurisdiction of the State of California. Cal. Civ. Code § 51(b).

46. The Unruh Act also provides that a violation of the ADA, or of California state accessibility regulations, is a violation of the Unruh Act. Cal. Civ. Code § 51(f); <u>Arnold v. United Artists Theatre Circuit, Inc.</u>, 866 F.Supp. 433, 439 (N.D. Cal.1994).

47. Defendants have violated the Unruh Act by, inter alia, denying, or aiding or inciting the denial of, Plaintiff's rights to full and equal use of the accommodations, advantages, facilities, privileges, or services offered at the Fairgrounds.

48. Defendants have also violated the Unruh Act by denying, or aiding or inciting the denial of, Plaintiff's rights to equal access arising from the provisions of the California state accessibility regulations and the ADA.

49. Defendants' duties under the Unruh Act are mandatory and long-established. Defendants are deemed to have had knowledge of their duties at all times relevant herein; their failure to carry out said duties was willful and knowing and/or the product of deliberate indifference.

50. Pursuant to the remedies, procedures, and rights set forth in Cal. Civ. Code § 52, Plaintiff prays for judgment as set forth below.

## FOURTH CAUSE OF ACTION
**Disabled Persons Act**
**Cal. Civ. Code § 54.1 *et seq*.**
**(Statutory damages and attorneys' fees only)**

51. Plaintiff hereby repleads, restates, realleges and incorporates by reference all the allegations contained in the preceding paragraphs above, as though fully set forth herein.

52. The California Disabled Persons Act ("CDPA") provides that "[i]ndividuals with disabilities or medical conditions have the same right as the general public to the full and free use of... public facilities, and other

public places." Cal. Civ. Code § 54(a).

53. The CDPA also provides that "[i]ndividuals with disabilities shall be entitled to full and equal access, as other members of the general public, to … places of public accommodation, amusement, or resort, and other places to which the general public is invited." Cal. Civ. Code § 54.1(a).

54. A violation of the ADA is also a violation of the CDPA. See Cal. Civ. Code, § 54(c); § 54.1(d).

55. Defendants' acts and omissions, described herein, violate the rights of Plaintiff under the CDPA. Among other things, Defendants has violated the ADA and/or failed to ensure that facilities constructed or altered after December 1981 conformed to the disability access design standards contained in California Code of Regulations, Title 24.

56. Defendants' duties under the CDPA are mandatory and long-established. Defendants are deemed to have had knowledge of their duties at all times relevant herein; their failure to carry out said duties was willful and knowing and/or the product of deliberate indifference.

57. Pursuant to the remedies, procedures, and rights set forth in Cal. Civ. Code § 54.3(a), Plaintiff prays for statutory damages and attorneys' fees under Cal. Civ. Code § 54.3(a).

**PRAYER**

WHEREFORE, Plaintiff respectfully request that this Court:

1. Issue an injunction:
   a. Ordering Defendants to alter the public facilities at the Fairgrounds to bring them into compliance with applicable federal and state accessibility standards and make them fully and equally available to individuals with mobility disabilities; and

Complaint

  b. Ordering Defendants to modify their policies and practices to ensure their compliance with both the new construction/alteration and program access requirements of the ADA.

**Note**: the Plaintiff are not invoking section 55 of the California Civil Code and are <u>not</u> seeking injunctive relief under the Disabled Persons Act.

2. Award Plaintiff general, compensatory, and statutory damages in an amount within the jurisdiction of this court;

3. Award Plaintiff attorneys' fees, litigation expenses and costs of suit, as provided by law; and

4. Award such other and further relief as the Court may deem just and proper.

Dated: August 5, 2014      CENTER FOR DISABILITY ACCESS

By:_____
Mark D. Potter
Attorneys for Plaintiff

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff hereby demands a trial by jury as to all issues.

Dated: August 5, 2014      CENTER FOR DISABILITY ACCESS

By:_____
Mark Potter
Attorneys for Plaintiff

13

Complaint